



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
:
MICHAEL WALKER,
:
                        Plaintiff,
:
      -against-                        Civ. No. _____
:
BEST WAY CORPORATE SERVICES, LLC,
GEORGE VANEGAS, and CARL NICHOLS,    :   COMPLAINT
                                                       (Jury Trial Demanded)
                               Defendants.   :

------------------------------------------------- x

        Plaintiff Michael Walker ("Walker" or "Plaintiff"), by his attorneys Covington & Burling LLP, for his complaint against defendants Best Way Corporate Services, LLC ("Best Way"), George Vanegas ("Vanegas"), and Carl Nichols ("Nichols")—collectively, the "Defendants"—alleges as follows:

### Nature of the Case

        1.     This case concerns employers who failed to pay their employee the minimum wages guaranteed by state and federal law, denied him legally mandated overtime pay, undercounted his hours, and otherwise subjected him to regular and repeated violations of state and federal laws enacted to protect workers.

        2.     Plaintiff, a courier, suffered brazen labor law violations over almost three years, during which Defendants undercounted his hours and underpaid him. Best Way

management informed Plaintiff that Best Way could mistreat him with impunity because he could not secure legal representation.

3. Plaintiff brings this action for unpaid wages and other monies owed to him pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, N.Y. Lab. Law § 1 *et seq.*

### The Parties

4. Plaintiff Michael Walker is a resident of the State of New York.

5. Defendant Best Way Corporate Services, LLC is a corporation created under the laws of the State of New York with its principal place of business in New York, N.Y. Until in or about July 2006, Best Way operated a business at 141 West 41st Street in Manhattan.

6. Defendant George Vanegas, also known as Jorge Vanegas, is a resident of the State of New York. On information and belief, Vanegas resides in Howard Beach, New York.

7. Defendant Carl Nichols is a resident of the State of New York. On information and belief, Nichols resides in Valley Stream, New York.

### Jurisdiction and Venue

8. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because certain of Walker's claims arise under laws of the United States enacted to protect employees against wrongful labor practices. In addition, this Court has subject-matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides a federal right of action to victims of certain wrongful labor practices. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over defendant Best Way because it is a New York corporation with its principal places of business in the State of New York.

10. This Court has personal jurisdiction over defendants Vanegas and Nichols because each of them is a resident of the State of New York.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the labor law violations constituting the events and omissions giving rise to Walker's claims occurred in the Southern District of New York. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (c) because the Defendants all reside in the state of New York, and defendant Best Way resides in this judicial district.

Facts of the Case

*Background*

12. Beginning in or about November 2003, Walker worked as a courier for Best Way, a company that delivered packages for various Best Way clients in and around Manhattan. He continued working for Best Way until Best Way's business was taken over by Success Express, Inc. ("Success Express") in or about July 2006.

13. Walker continues to work as a courier for Success Express.

14. Vanegas and Nichols managed Best Way for the entirety of Walker's employment by Best Way. On information and belief, Vanegas and Nichols were owners of Best Way, in whole or in part, for the entirety of Walker's employment by Best Way.

*November 2003 to June 2004*

15. Walker became an employee of Best Way in or about November 2003. Initially, he was paid on commission, based on the number of packages he delivered, and he

3

worked approximately nine and one-quarter hours per day (about forty-six and one-quarter (46.25) hours per week).

16.     Walker received about $170 per week in gross wages, an amount far below the minimum wage required by the FLSA and the New York Labor Law.

*June 2004 to December 2004*

17.     Sometime around June 2004, Best Way began paying Walker on an hourly basis instead of on commission, a new status Best Way called "time service."

18.     Around the same time, Walker began working each weekday, on an average day, from 8 a.m. until 6 p.m., for a total workweek of fifty (50) hours.

19.     During this period Best Way would generally pay Walker for only thirty-seven and one-half (37.5) hours each week.

20.     Accordingly, Walker was being shortchanged, on an average week, two-and-one-half (2.5) hours of regular pay, in addition to ten (10) hours of time-and-a-half overtime pay.

*December 2004 until December 2005*

21.     Around December 2004, Best Way began assigning Walker to work most days at the premises of Eastern Connection Operating, Inc. ("Eastern Connection"), a client of Best Way for whom Walker would deliver packages. Eastern Connection is a Massachusetts corporation that operates a warehouse at 534 West 30th Street in Manhattan.

22.     While working at the premises of Eastern Connection, Walker continued to be paid by Best Way and remained an employee of Best Way.

23.     While assigned to Eastern Connection, Walker would begin work each weekday, on an average day, between 6:30 a.m. and 7 a.m. He would then work at Eastern

4

Connection until 2:30 p.m. or 3 p.m., after which he would return to Best Way's premises and continue working until 6 p.m. His average workday lasted eleven and one-quarter (11.25) hours, for a total workweek of fifty-six and one-quarter (56.25) hours.

24. During this period Best Way would generally pay Walker for only thirty-seven and one-half (37.5) hours each week.

25. Accordingly, Walker was being shortchanged, on an average week, two-and-one-half (2.5) hours of regular pay, in addition to sixteen and one-quarter (16.25) hours of time-and-a-half overtime pay.

26. Around December 2005, Best Way stopped assigning Walker to the premises of Eastern Connection.

*December 2005 to July 2006*

27. When Walker stopped working at the premises of Eastern Connection, he continued to work for Best Way.

28. He would arrive at work each weekday, on an average day, at 10 a.m. and leave at 7 p.m., for a nine-hour workday and a forty-five (45) hour workweek.

29. During this period Best Way would generally pay Walker for only thirty-seven and one-half (37.5) hours each week.

30. Accordingly, Walker was being shortchanged, on an average week, two-and-one-half (2.5) hours of regular pay, in addition to five (5) hours of time-and-a-half overtime pay.

31. Best Way's business was taken over by Success Express around July 2006.

*Deductions from Walker's Wages to Cover Best Way's Communication Expenses*

32. At certain times during Walker's employment by Best Way, Walker's weekly net pay was reduced by deductions reflecting the costs of communications between Walker and his supervisors.

33. At certain times during Walker's employment by Best Way, Best Way would provide Walker with quarters so he could call Best Way supervisors from pay telephones while out of the office on delivery runs. Best Way deducted the value of the quarters, two dollars per workday, from Walker's pay checks.

34. At certain times during Walker's employment by Best Way, Best Way provided a beeper to Walker so that Best Way supervisors could contact him while he was out of the office on delivery runs. Best Way deducted the operating cost of the beeper from Walker's weekly pay checks.

35. Best Way provided the quarters and the beeper to Walker solely for the benefit of his employers.

*Defendants' Violations of State and Federal Laws Were*
*Willful and Were Not Committed In Good Faith*

36. None of the FLSA violations Walker suffered at the hands of Defendants resulted from "good faith" errors as that term is defined under the FLSA, 29 U.S.C. § 260.

37. All of the FLSA and New York Labor Law violations Walker suffered at the hands of Defendants were "willful" violations as that term is defined under the FLSA, 29 U.S.C. § 255(a), and the New York Labor Law, N.Y. Lab. Law § 198(1-a).

38. A Best Way manager told Best Way couriers that Best Way was underreporting couriers' hours because Vanegas and Nichols needed money to fight the legal

6

battle arising from criminal charges brought against them in New York State Supreme Court, New York County.

39. After Walker complained in or about December 2005 that Best Way had been underpaying him, a Best Way manager informed Walker that the company could treat him however it desired because Walker could not afford the cost of a lawyer and therefore could not challenge Best Way's unlawful treatment.

## Count One
## Federal Minimum Wage Violations

40. Walker realleges and reincorporates paragraphs 1 to 39 as though fully set forth herein.

41. While Walker was employed by Best Way, Defendants Best Way, Vanegas, and Nichols intentionally regularly paid Walker at rates below the minimum wages required by law.

42. While Walker was employed by Best Way, Defendants Best Way, Vanegas, and Nichols regularly paid Walker for fewer hours than he actually worked.

43. At all times that Walker was an employee of Best Way, the federal minimum wage has been five dollars and fifteen cents ($5.15) per hour.

44. As described above, Best Way regularly paid Walker below the minimum wage required by 29 U.S.C. § 206, either as a result of inadequate commissions or underreporting of hours worked.

45. At all times that Walker worked for Best Way, Walker was an "employee" of Best Way, of Vanegas, and of Nichols as that term is defined in the FLSA.

46. At all times that Walker worked for Best Way, Best Way, Vanegas, and Nichols were each and all Walker's "employer" as that term is defined in the FLSA.

47. At all times that Walker was an employee of Best Way, Vanegas and Nichols exercised managerial responsibility at Best Way and had operational control over Best Way's business.

48. At all times that Walker was an employee of Best Way, Vanegas and Nichols were responsible for Best Way's failure to pay Walker his legally mandated wages.

49. Defendants' failure to pay Walker the minimum wage was willful within the meaning of 29 U.S.C. § 255(a).

50. The precise amount of Walker's damages under the minimum wage requirements of the FLSA will be determined by the jury.

51. Defendants' failure to pay Walker the minimum wage was not a "good faith" error as defined under 29 U.S.C. § 260. Accordingly, pursuant to 29 U.S.C. § 216(b), Walker is also entitled to liquidated damages in an amount equal to his actual damages under the FLSA.

Count Two
Federal Overtime Violations

52. Walker realleges and reincorporates paragraphs 1 to 51 as though fully set forth herein.

53. The FLSA requires that employers pay employees time-and-a-half wages for hours worked in excess of forty (40) each week.

54. While Walker was employed by Best Way, Defendants Best Way, Vanegas, and Nichols intentionally regularly failed to pay Walker the time-and-a-half wages required by the FLSA for hours worked overtime (*i.e.*, for each hour beyond forty (40) worked in a single week).

55. The precise amount of Walker's damages under the overtime requirements of the FLSA will be determined by the jury.

56. The failure of Defendants Best Way, Vanegas, and Nichols to pay Walker mandated overtime wages was not a "good faith" error as defined under 29 U.S.C. § 260. Accordingly, pursuant to 29 U.S.C. § 216(b), Walker is also entitled to liquidated damages in an amount equal to his actual damages under the FLSA.

Count Three
Deductions from Walker's Paycheck in Violation of FLSA

57. Walker realleges and reincorporates paragraphs 1 to 56 as though fully set forth herein.

58. As described above, Best Way intentionally occasionally deducted money from Walker's paycheck to pay for the cost of communications between Walker and his supervisors.

59. At all times at which Walker's actual wages were equal to or less than the federal minimum wage, these deductions accordingly brought Walker's wages below (or further below) the federal minimum wage.

60. Such deductions are prohibited by 29 C.F.R. §§ 531.36-531.37, which is promulgated pursuant to the FLSA, when the deductions would bring an employee's wages below the federal minimum wage.

61. The precise amount of Walker's damages under the FLSA arising from the unlawful deductions will be determined by the jury.

62. Defendants' unlawful deductions from Walker's wages were not "good faith" errors as defined under 29 U.S.C. § 260. Accordingly, pursuant to 29 U.S.C. § 216(b),

Walker is also entitled to liquidated damages in an amount equal to his actual damages under the FLSA.

### Count Four
### New York State Minimum Wage Violations

63. Walker realleges and reincorporates paragraphs 1 to 62 as though fully set forth herein.

64. Under New York Labor Law, the state minimum wage when Walker began working for Best Way was $5.15 per hour. It became $6 per hour on January 1, 2005 and increased to $6.75 per hour on January 1, 2006.

65. As described above, Best Way intentionally regularly paid Walker below the minimum wage required by the New York Labor Law, either as a result of inadequate commissions or underreporting of hours worked.

66. At all times that Walker worked for Best Way, Walker was an "employee" of Best Way, of Vanegas, and of Nichols as that term is defined in the New York Labor Law.

67. At all times that Walker worked for Best Way, Best Way, Vanegas, and Nichols were each and all Walker's "employer" as that term is defined in the New York Labor Law.

68. Defendants' failure to pay Walker at or above the New York State minimum wage was willful within the meaning of N.Y. Lab. Law § 663 *et seq.* and supporting regulations of the New York State Department of Labor.

69. The precise amount of Walker's damages under the minimum wage provisions of the New York Labor Law will be determined by the jury.

70. Pursuant to N.Y. Lab. Law § 198(1-a), Walker is entitled to liquidated damages equal to one-quarter of his actual damages under the New York Labor Law.

## Count Five
### New York State Overtime Violations

71. Walker realleges and reincorporates paragraphs 1 to 70 as though fully set forth herein.

72. Defendants Best Way, Vanegas, and Nichols intentionally failed to pay Walker for each hour worked in excess of forty (40) hours per week at the rate of one and one-half times his regular rate (not less than minimum wage) in violation of N.Y. Lab. Law § 190 and § 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.2.

73. Under New York Labor Law, the state minimum wage when Walker began working for Best Way was $5.15 per hour. It became $6 per hour on January 1, 2005 and increased to $6.75 per hour on January 1, 2006.

74. Defendants' failure to pay overtime premiums was willful within the meaning of N.Y. Lab. Law § 663 *et seq.* and supporting regulations of the New York State Department of Labor.

75. The precise amount of Walker's damages under the overtime provisions of the New York Labor Law will be determined by the jury.

76. Pursuant to N.Y. Lab. Law § 198(1-a), Walker is entitled to liquidated damages equal to one-quarter of his actual damages under the New York Labor Law.

## Count Six
### New York State "Spread of Hours" Violations

77. Walker realleges and reincorporates paragraphs 1 to 76 as though fully set forth herein.

78. Defendants Best Way, Vanegas, and Nichols intentionally failed to pay Walker one additional hour's pay at the state minimum wage for each day Plaintiffs worked

11

more than ten (10) hours in violation of N.Y. Lab. Law § 650 *et seq.* and 12 N.Y.C.R.R. § 137-1.7.

79. As described above, Walker worked an average of ten (10) or more hours each workday from around June 2004 to December 2005, a period of 18 months. Accordingly, Walker is entitled to one hour's additional pay, at the New York State minimum wage in force at the time the hours were worked, for each workday from around June 2004 to December 2005 that he worked for ten (10) or more hours.

80. The failure of Defendants Best Way, Vanegas, and Nichols to pay Walker "spread of hours" pay was willful within the meaning of N.Y. Lab. Law § 663 *et seq.* and supporting regulations of the New York State Department of Labor.

81. The precise amount of Walker's damages under the "spread of hours" provisions of the New York Labor Law will be determined by the jury.

82. Pursuant to N.Y. Lab. Law § 198(1-a), Walker is entitled to liquidated damages equal to one-quarter of his actual damages under the New York Labor Law.

<u>Count Seven</u>
<u>Deductions from Walker's Wages in Violation of the New York Labor Law</u>

83. Walker realleges and reincorporates paragraphs 1 to 82 as though fully set forth herein.

84. As described above, Best Way occasionally deducted money from Walker's paycheck to pay for the cost of communications between Walker and his supervisors.

85. Such deductions are prohibited by N.Y. Lab. Law § 193 and 12 N.Y.C.R.R. § 142-2.10.

86. The precise amount of Walker's damages under the New York Labor Law arising from the improper deductions will be determined by the jury.

87. Defendants' unlawful deductions from Walker's wages were willful within the meaning of N.Y. Lab. Law § 663 *et seq.* and supporting regulations of the New York State Department of Labor. Accordingly, pursuant to N.Y. Lab. Law § 198(1-a), Walker is entitled to liquidated damages equal to one-quarter of his actual damages under the New York Labor Law.

### Jury Demand

Plaintiff hereby demands a trial by jury.

### Prayer for Relief

WHEREFORE, Michael Walker respectfully requests that this Court enter judgment in his favor and against defendants Best Way, Vanegas, and Nichols:

(a) awarding Walker compensatory damages in an amount to be determined at trial;

(b) awarding Walker liquidated damages in an amount to be determined at trial;

(c) awarding Walker costs and attorneys' fees associated with bringing this action pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. Law § 198(1-a);

(d) awarding Walker prejudgment interest pursuant to N.Y. C.P.L.R. § 5001; and

(e) awarding Walker such other, further, and different relief as the Court deems just and proper.

Respectfully submitted,

COVINGTON & BURLING LLP

By: _____
Ben L.W. Trachtenberg (BT 8778)
1330 Avenue of the Americas
New York, NY 10019
212.841.1000

*Attorneys for Plaintiff*

Dated:
    New York, New York
    March 7, 2007